UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

NATHAN M. POKE,

    Plaintiff,

v.                                                                                                       Case No. 19-CV-33

CITY OF LA CROSSE, WISCONSIN and
RON TISCHER,

    Defendants.

---

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER

---

Defendants, City of La Crosse and Ronald Tischer, by their attorneys, von Briesen & Roper, s.c., move the Court, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, for an order to preclude discovery. Specifically, Defendants move the Court for an order to preclude the discovery sought by Plaintiff, Nathan M. Poke, in his Second Set of Written Discovery to Defendants, as the burden, expense and relevance of the proposed discovery outweigh its likely benefit.

**BACKGROUND FACTS**

From August 23, 2011 through August 10, 2016, the City of La Crosse Police Department employed Nathan Poke ("Poke") as a police officer. Poke resigned from the police department on August 10, 2016. His resignation was formalized in an agreement with the City of La Crosse entitled "SEPARATION AGREEMENT, WAIVER AND RELEASE BETWEEN: CITY OF LA CROSSE, NATHAN POKE, AND WISCONSIN PROFESSIONAL POLICE ASSOCIATION" ("Separation Agreement"). (Affidavit of Christopher P. Riordan, Ex. 1 – Separation Agreement

1

between City of La Crosse and Nathan M. Poke identified as Exhibit 7 during the March 2, 2018 Deposition of Nathan M. Poke (Riordan Aff., Ex. 1.)).

Months after executing the Settlement Agreement, Poke filed a Discrimination Complaint with the Equal Rights Division of the Wisconsin Department of Workforce Development. (Affidavit of Christopher P. Riordan, Ex. 2 – Discrimination Complaint identified as Exhibit 1 during the March 2, 2018 Deposition of Nathan M. Poke (Riordan Aff., Ex. 2.)). In his ERD Complaint, Poke alleged the City of La Crosse discriminated against him based on "race" and that his "voluntary resignation" pursuant to the Settlement Agreement was a constructive discharge. Poke later dismissed his ERD action with prejudice prior to hearing.

More than two years after having executed the Settlement Agreement, Poke filed this lawsuit with the United States District Court for the Western District of Wisconsin. Poke, in his Complaint, alleged the City of La Crosse and Ronald Tischer [City of La Crosse Chief of Police] violated Title VII of the Civil Rights Act of 1964, the Equal Protection Clause of the Fourteenth Amendment, and 42 U.S.C. § 1981, by placing Poke on administrative leave, relieving him of significant job duties, and by initiating an investigation into his conduct. (Docket No. 1, ¶ 166, ¶¶ 501, 502, and 503.) Poke also claims "his resignation pursuant to this [Separation Agreement] was a constructive discharge, since [he] resigned only in order to avoid certain termination for alleged misconduct." (Docket No. 1, ¶ 166, ¶ 4142.)

In his Second Set of Written Discovery to Defendants, Plaintiff requests "all emails and other electronic communications to or from any member of the La Crosse police department, human resources office, or Mayor's office, referencing the Plaintiff, from January 1, 2013, through December 31, 2016." (Affidavit of Christopher P. Riordan, Ex. 3 – Plaintiff's Second Set of Written Discovery to Defendants, Document Request No. 2 (Riordan Aff., Ex. 3, Document

Request No. 2.)). In addition, Plaintiff requests "all emails and other electronic communications to or from any member of the La Crosse police department, human resources office, or Mayor's office, referencing the police officer Anthony Clark, from January 1, 2013, through December 31, 2016." (Riordan Aff., Ex. 3, Document Request No. 3.)

Anthony Clark ("Clark") is African American. The City of La Crosse Police Department employed Clark as a police officer from March 28, 2011 until October 28, 2015. (Affidavit of Christopher P. Riordan, Ex. 4 – Complaint filed by Anthony Clark in the United States District Court Western District of Wisconsin, Case No. 16-CV-139, ¶ 7 and ¶ 8 (Riordan Aff., Ex. 4, ¶ 7 and ¶ 8.)). Clark filed a lawsuit, in which he identified the City of La Crosse and the La Crosse Police Department as defendants and alleged discrimination by both. (Riordan Aff., Ex. 4.)

The Information and Technology ("IT") Department for the City of La Crosse Police Department scanned department files for the names "Poke" and "Clark." (Affidavit of Robert Abraham, ¶ 2 (Abraham Aff., ¶ 2.)). The IT Department found approximately fifty seven thousand, four hundred and seventeen (57,417) emails with either the name "Poke" or "Clark." (Abraham Aff., ¶ 3.)

## STANDARD OF REVIEW

The Federal Rules of Civil Procedure define the scope of permissible discovery to include "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case…" Fed. R. Civ. P. 26(b)(1). Factors relevant to proportionality include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* The 2015 amendments to Rule 26, which expressly include the requirement of proportionality, "emphasize the need to impose 'reasonable limits on discovery through increased

3

reliance on the common-sense concept of proportionality.'" *Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603 (D. Nev. January 11, 2016) (quoting John Roberts, 2015 Year End Report on the Federal Judiciary (Dec. 31, 2015).

District courts have broad discretion to control discovery, including the ability to limit the frequency and extent of discovery when it is unreasonably cumulative or duplicative, the party seeking discovery has had ample opportunity to obtain the information, or the proposed discovery is beyond the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002). Under Fed. R. Civ. P. 26(c)(1), upon a showing of good cause, this Court may also issue an order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding the discovery or limiting it to certain matters.

## ARGUMENT

Plaintiff, in his First Set of Written Discovery, submitted two hundred and seventeen (217) requests for admission to Defendants. (Affidavit of Christopher P. Riordan, Ex. 5 – Plaintiff's First Set of Written Discovery to Defendants (Riordan Aff., Ex. 5.)). These first two hundred and seventeen (217) requests for admission mirror many of allegations contained in Plaintiff's federal court Complaint.

Now, in his Second Set of Written Discovery to Defendants, Plaintiff requests "all emails and other electronic communications to or from any member of the La Crosse police department, human resources office, or Mayor's office, referencing the Plaintiff, from January 1, 2013, through December 31, 2016." (Riordan Aff., Ex. 4, Document Requests No. 2.) In a second document request, Plaintiff asks for "all emails and other electronic communications to or from any member of the La Crosse police department, human resources office, or Mayor's office, referencing

4

Anthony Clark, from January 1, 2013, through December 31, 2016." (Riordan Aff., Ex. 4, Document Requests No. 3.) Plaintiff's Second Set of Written Discovery to Defendants reads, in full, as follows:

## INTERROGATORIES

You are requested to respond to the following questions pursuant to Rule 33, Fed. R. Civ. Pro., in writing and under oath, within 30 days of service of this document upon your attorneys.

1. Please identify the person(s) answering these interrogatories, giving your full name, current address and any other name by which you have been known.

2. If your response to any of the following requests for admission is anything other than an unqualified admission, please set forth the basis for each denial and identify any and all documents, facts and witnesses that support your response.

## REQUESTS FOR ADMISSIONS

You are requested to respond to the following requests for admissions, pursuant to Rule 36, Fed. R. Civ. Pro. in writing, within 30 days of service of this document upon your attorneys. Please note that pursuant to Rule 36, each of the following statements will be deemed admitted unless, within 30 days after being served, the party to whom a request is directed serves on the requesting party a written answer or objection signed by the party or its attorney. Also if you assert lack of knowledge or information as a reason for failing to admit or deny you must state that you have made reasonable inquiry and that the information you know or can readily obtain is insufficient to enable you to admit or deny.[1]

---

[1] Rule 36(4) provides:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a

5

Please admit that:

    1.    Each document you have produced in response to the following requests for production of documents, and each document you produced in connection with your initial disclosures, is genuine and authentic.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

You are requested, pursuant to Rule 34, Fed. R. Civ. Pro., to produce the following documents, by sending copies to the undersigned along with your responses to the foregoing interrogatories and requests for admissions.

    1.    Please provide all documents which you identified, to which you referred, or upon which you relied, in answering Plaintiff's interrogatories and requests for admission, above.

    2.    Please provide all emails and other electronic communications to or from any member of the La Crosse police department, human resources office, or Mayor's office, referencing the Plaintiff, from January 1, 2013, through December 31, 2016.

    3.    Please provide all emails and other electronic communications to or from any member of the La Crosse police department, human resources office, or Mayor's office, referencing the police officer Anthony Clark, from January 1, 2013, through December 31, 2016.

(Riordan Aff., Ex. 3.)

As noted above, the IT Department for the City of La Crosse Police Department found approximately fifty seven thousand, four hundred and seventeen (57,417) emails with either the name "Poke" or "Clark." (Abraham Aff., ¶ 3.)

---

reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

"The fundamental principle of amended Rule 26(b)(1) is 'that lawyers must size and shape their discovery requests to the requisites of a case.'" *Roberts v. Clark County School Dist.*, 312 F.R.D. 594, 603 (D. Nev. January 11, 2016). Rule 26 is intended to provide parties with "efficient access to what is needed to prove a claim or defense, but eliminate unnecessary or wasteful discovery." *Id*. "The Rule 26 proportionality test allows the Court to 'limit discovery if it determines that the burden of the discovery outweighs its benefit.'" *In re IKB Deutsche Industriebank AG*, No. 09 CV 7582, 2010 WL 1526070, at *5 (N.D.Ill. Apr. 8, 2010).

Further, under Fed. R. Civ. P. 26(c)(1), upon a showing of good cause, this Court may issue an order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense," including by forbidding the discovery or limiting it to certain matters. Rule 26(c) provides as follows:

**(c)** **PROTECTIVE ORDERS.**

**(1)** *In General.* A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending — or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
   **(A)** forbidding the disclosure or discovery;
   **(B)** specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
   **(C)** prescribing a discovery method other than the one selected by the party seeking discovery;
   **(D)** forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
   **(E)** designating the persons who may be present while the discovery is conducted;
   **(F)** requiring that a deposition be sealed and opened only on court order;
   **(G)** requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and

**(H)** requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.
**(2)** *Ordering Discovery.* If a motion for a protective order is wholly or partly denied, the court may, on just terms, order that any party or person provide or permit discovery.
**(3)** *Awarding Expenses.* Rule 37(a)(5) applies to the award of expenses.

Fed. R. Civ. P. Rule 26(c)

"Subsection (c) [of Rule 26] underscores the extensive control that district courts have over the discovery process, authorizing courts to make 'any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense' (emphasis added)." *United States v. Columbia Broadcasting System, Inc.*, 666 F.2d 364, 369 (9th Cir. 1982).

In contravention to the fundamental principle against unnecessary or wasteful discovery idealized in amended Rule 26(b)(1), Poke requests all emails/electronic communications referencing either Nathan Poke or Anthony Clark for the period starting January 1, 2013 and ending December 31, 2016. A time-period three (3) years, eleven (11) months and thirty (30) days in length. As evidenced by the wide breadth of Plaintiff's document requests, he neither sized nor shaped his discovery to the requisites of a case.

To properly respond to Plaintiff's Second Set of Written Discovery to Defendants, defense counsel must review all fifty seven thousand, four hundred and seventeen (57,417) emails to determine whether any emails include privileged material such as attorney-client information, attorney work product, or private data of individuals other than Poke or Clark. A review of this magnitude would involve countless hours of attorney time at an enormous cost to the Defendants.

Defendants move the Court pursuant to Fed. R. Civ. P. 26(c)(1)(A) for an order to preclude the discovery sought by Plaintiff, Nathan M. Poke, in his Second Set of Written Discovery to

8

Defendants, because the burden and expense of the proposed discovery outweigh its likely benefit. In addition, most of Plaintiff's proposed discovery is not relevant to the issues in the case.

Poke alleged in his Discrimination Complaint filed with the Equal Rights Division of the Wisconsin Department of Workforce Development that the alleged discrimination began on September 11, 2015 and ended August 10, 2016:

> 4. Dates of discrimination (Required; estimate if unsure)
> Date the discrimination began? Mm/dd/yyyy: September 11, 2015
> Date of the most recent discrimination? Mm/dd/yyyy: August 10, 2016

(Riordan Aff., Ex. 2, Section 4 – Dates of Discrimination (Required; estimate if unsure).)

"The discovery rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. *Vakharia v. Swedish Covenant Hosp.*, 1994 WL 75055 at *2 (N.D. Ill. 1994)(Moran, J.). 'Parties are entitled to a reasonable opportunity to investigate the facts-and no more.' *Id*. Even before the limitation in Rule 26 that a party may obtain discovery on matters relevant to a claim or defense, the Supreme Court had cautioned that the requirement of Rule 26 that the material sought in discovery be 'relevant' should be firmly applied, and that 'judges should not hesitate to exercise appropriate control over the discovery process.' *Herbert v. Lando*, 441 U.S. 153, 99 S.Ct. 1635, 60 L.Ed.2d 115 (1979). *See also Oppenheimer Fund, Inc.*, 437 U.S. [340,] at 352, 98 S.Ct. 2380 [57 L.Ed.2d 253 91978)]. Failure to exercise that control results in needless and enormous costs to the litigants and to the due administration of justice." *Sapia v. Bd. of Educ. of City of Chicago*, 328 F.R.D. 506, 508-09, 2019 WL 166991, at *2 (N.D. Ill. Jan. 11, 2019) *citing Sapia v. Bd. of Educ. of City of Chicago*, NO. 14 C 7946, 2017 WL 2060344, at *2 (N.D. Ill. May 15, 2017).

Even though alleging in his Discrimination Complaint filed with the Equal Rights Division that the discrimination began on September 11, 2015 and ended on August 10, 2016, Poke requests

emails and other electronic communications referencing Nathan Poke and Anthony Clark for periods outside the dates of alleged discrimination.

Plaintiff requests Defendants produce emails and other electronic communications referencing Nathan Poke for the period that includes January 1, 2013 through September 11, 2015. A period that starts approximately two (2) years, eight (8) months and ten (10) days before the first date of alleged discrimination on September 11, 2015. Plaintiff also requests Defendants produce emails and other electronic communications referencing Nathan Poke for the period that includes August 10, 2016 through December 31, 2016. A period that is approximately four (4) months and twenty (20) days after the last date of the alleged discrimination on August 10, 2016.

With regard to Clark, Plaintiff requests Defendants produce emails and other electronic communications referencing Anthony Clark for the period that includes January 1, 2013, through December 31, 2016. The City of La Crosse Police Department employed Clark from March 28, 2011 until October 28, 2015. (Riordan Aff., Ex. 4, ¶ 7 and ¶ 8.) As such, Plaintiff's document request includes a period that extends approximately one (1) year, two (2) months and three (3) days after Clark left the department on October 28, 2015.

As noted in *Sapia v. Bd. of Educ. of City of Chicago*, material sought in discovery must be "relevant" to a claim or defense. Plaintiff's requests for emails and other electronic communications for periods before and after Plaintiff's claimed dates of discrimination are not relevant to any claim or defense; therefore, the Court should not hesitate to preclude the requested discovery for those periods.

**CONCLUSION**

Defendants, City of La Crosse and Ronald Tischer, request the Court enter an order to preclude the discovery sought by Plaintiff, Nathan M. Poke, in his Second Set of Written Discovery to Defendants, pursuant to Fed. R. Civ. P. 26(c).

Dated this 18th day of June, 2019.

>von Briesen & Roper, s.c.
>*Attorneys for Defendant, City of La Crosse and Ron Tischer*
>
>By: *s/ Christopher P. Riordan*
>   Christopher P. Riordan, SBN 1018825
>   411 E. Wisconsin Ave., Suite 1000
>   Milwaukee, WI 53202
>   414.287.1268
>   414.238.6635 – Facsimile
>   criordan@vonbriesen.com

33264559_1