## THE JEFF SCOTT OLSON LAW FIRM, S. C.

**131 West Wilson Street, Suite 1200**
**Madison, Wisconsin 53703-3225**

**Jeff Scott Olson**

Phone:      608 283 6001
Fax:          608 283 0945

**Andrea J. Farrell**

E-Mail:   jsolson@scofflaw.com
Website:     www.scofflaw.com

August 12, 2019

*Via Electronic Filing*

Hon. Stephen L. Crocker
Magistrate Judge
U.S. District Court for the Western District of Wisconsin
PO Box 591
Madison, WI 53701-0591

                    RE:   *Poke, Nathan v. The City of La Crosse, Wisconsin et al*
                             Case No. 3:19-cv-00033-slc

Dear Magistrate Judge Crocker:

I write separately to give you a bit more detail:

Here is something of a chronology:

| Date | Development |
| --- | --- |
| May 20, 2019 | Plaintiff's Second Set of Written Discovery Requests includes:<br><br>2.      Please provide all emails and other electronic communications to or from any member of the La Crosse police department, human resources office, or Mayor's office, referencing the Plaintiff, from January 1, 2013, through December 31, 2016.<br><br>3.      Please provide all emails and other electronic communications to or from any member of the La Crosse police department, human resources office, or Mayor's office, referencing the police officer Anthony Clark, from January 1, 2013, through December 31, 2016. |

*Hon. Stephen L. Crocker*
*August 12, 2019*
*Page 2 of 4*

| June 18, 2019 | The Defendants move for a protective order excusing them from responding to these requests. Basis for motion: Compliance would require production of 57,417 emails. |
|---|---|
| June 25, 2019 | Plaintiff's Brief in response:<br><br>. . . there may be ways to limit the scope of the request that do not run the risk of leaving smoking-gun evidence buried, but significantly limit the number of emails that will have to be produced. None of those ways are apparent to the undersigned, and they are apparently not obvious to defense counsel, either, or they would have been mentioned. But if a subset of the requested emails were produced, say, even just three months of emails, an examination of them might permit the parties to devise ways to eliminate whole classes of emails from the request. . . .<br> . . . one thing is fairly certain – if counsel for the parties were to start looking at actual emails, ways to limit the scope of the requests at issue would occur to them.  That is where the resolution of this dispute should have started, and that is where it will probably end. |
| June 25, 2019 | Counsel confer by phone. Plaintiff's counsel suggests teleconference with City IT Director. |
| June 27, 2019 | Defense counsel letter to Plaintiff's counsel agreeing to make IT Director available and requesting possible dates for teleconference |
| July 9, 2019 | Plaintiff's counsel responds with note suggesting dates |
| July 11, 2019 | Court enters text order for meet and confer, status reports and telephone conference. |
| July 16, 2019 | Plaintiff's counsel emails defense counsel: "The ball is in your court to respond to this." |
| July 16, 2019 | Defense counsel emails: "The IT Director is out until July 29, 2019.  The IT Director is the person that handles litigation requests for the city. We can wait until after the 29th and inform the court of our intent to talk with the IT Director or come up with an alternative solution." |
| August 1, 2019 | Plaintiff's counsel emails:<br><br> Let's try to set something up for next week.  I would like to see if we can agree to have you preliminarily produce emails meeting the description in my request but for a much smaller time frame, say August and September of 2015.<br><br> You won't have to redact anything -- we'll agree to keep them confidential until the discovery dispute is resolved or a protective order is entered.<br><br> I'll bet if I look at the emails from this period, I can come up with some ways to narrow the scope of my request. |

*Hon. Stephen L. Crocker*
*August 12, 2019*
*Page 3 of 4*

| | What do you say? |
|---|---|
| August 8, 2019 | Plaintiff's counsel emails: "This is just a reminder that I have to send a report on our progress in resolving this on Monday." |
| August 9, 2019 | Defense counsel emails: "I had the IT Director run your most recent request. These are the results:<br><br>**Search**      **Items Found**<br>Anthony Clark      32<br>Clark      1870<br>Nate Poke      60<br>Nathan Poke      95<br>Poke      696<br>Tony Clark      99<br><br>The new search came up with 2,852 documents. I think we still need to narrow the request. I believe we can tell the court we are working on narrowing the parameters of the request and have not reached an impasse on the discovery. |
| August 12, 2019 | Plaintiff's counsel emails: "Can we refine it by eliminating emails that Nate Poke was either a recipient of or a sender of and produce the emails this week?<br><br>If not, when?" |

Plaintiff's counsel (though certainly bearing some of the responsibility) is concerned about the amount of time it is taking to resolve this dispute.

There may be additional progress toward a resolution before Thursday's conference with the Court, but if there is not, the Plaintiff's position will be that the Court should order the City to produce all emails and other electronic communications to or from any member of the La Crosse police department, human resources office, or Mayor's office, referencing the Plaintiff or police officer Anthony Clark for a "sample" period from August 1, 2016, through September 30, 2016, except those where the Plaintiff was the sender or a recipient, as a step toward hopefully meaningful efforts by the parties to narrow the scope of the production request covering the larger relevant period of time. It seems that once counsel start looking at emails together, protocols for limiting the scope of production will likely occur to them.

*Hon. Stephen L. Crocker*
*August 12, 2019*
*Page 4 of 4*

                Sincerely yours,
                THE JEFF SCOTT OLSON LAW FIRM, S. C.

                /s/ Jeff Scott Olson

                Jeff Scott Olson

Cc:    Atty. Christopher P. Riordan

JSO:tim

---

### Certificate of Service

I hereby certify that on Monday, August 12, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Christopher P. Riordan, and I hereby certify that I have mailed the document to the following non ECF participants: none.

                /s/ Jeff Scott Olson