IN THE
# UNITED STATES DISTRICT COURT
FOR THE
## WESTERN DISTRICT OF WISCONSIN

Nathan M. Poke,

    Plaintiff,

    v.                                             Case No. 19-cv-33

The City of La Crosse, Wisconsin,
and Ron Tischer, Chief of Police,

    Defendants.

## DECLARATION OF NATHAN POKE

    The undersigned Nathan Poke, hereby declares under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1.     I am the Plaintiff in this case.

2.     On January 7, 2016, the La Crosse Police Department's investigation of me had progressed to a point that, on that day, I was interviewed by a lawyer the City had hired to conduct an investigation of my alleged wrongdoing, Eileen A. Brownlee, of the Madison, Wisconsin, law firm, Boardman & Clark, LLP.

3.     This interview took several hours.

4. Brownlee asked me about those allegations of which I had been aware since my demotion, but she also asked me about "starting investigations" without approval by looking up general orders that the Assistant Chief Abraham might have violated when he and his friend were pulled over and his friend was arrested for OWI on a boat. Because I had asked another officer (Jarod Reed) what orders he thought were violated by that conduct, Brownlee was investigating me for having started an investigation into Assistant Chief Abraham's conduct without permission from my superiors.

5. Someone had listened to all of the audio recordings from my first week of working patrol after my demotion. Brownlee asked me about having told people that I was probably going to quit the force and move away. She asked whether I had asked Brenda Jackson if she had slept with Lieutenant Malott. She asked whether I had asked Brenda Jackson whether Lieutenant Malott uses cocaine.

6. Brownlee stated that I had improperly revealed the identity of an informant to someone while working.

7. The last part of the interview ended with Brownlee asking me a few questions pertinent to my original complaints about Officer Ulrich back on August 14 and 31.

8. I had arranged to be represented at the Brownlee interview by an attorney from the Wisconsin Professional Police Association, Andrew D. Schauer.

9. Attorney Schauer told me that he was in communication with the City's attorney, James R. Korom, prior to the Brownlee interview.

10. After the Brownlee interview, Attorney Schauer told me that he had learned from Attorney Korom that the City was absolutely intent upon terminating my employment.

11. The investigations of my complaints against the Police Department had been covered extensively in the media. Attorney Schauer, who had represented many, many police officers in disciplinary cases, and I discussed how, if the Chief of Police brought charges seeking my discharge before the Police and Fire Commission, there would likely be extensive publicity, and the fact that charges seeking my discharge, and the and the nature of the charges brought against me, would be readily accessible to anyone using Google to do an internet search for my name. We were both of the opinion that, especially because of the likely publicity, discharge proceedings before the Police and Fire Commission would probably be fatal to my employability in law enforcement, however the proceedings turned out.

12. We were also both of the opinion that the Police and Fire Commission would almost certainly support the Chief of Police in a discharge case, even a weak one.

13. Because I did not believe that there was any chance to preserve my employment and reputation by opposing the City's efforts to fire me through available channels, and because I did not want to extinguish any chance I might have to ever be employed by a different police department, I authorized Attorney Schauer and Attorney Jeff Scott Olson to negotiate for the most favorable terms of resignation they could secure.

14. On August 10, and 11, 2016, respectively, the City's representative, Chief of Police Ron Tischer, and I signed an agreement that effected the termination of my employment with the City of La Crosse. A copy of that agreement bearing all signatures is attached hereto as Poke Declaration Exhibit A.

I have executed this Declaration on September 19, 2019, and it is true and correct to the best of my recollection and belief.

/s/ Nathan Poke
_____
Nathan Poke

### Certificate of Service

I hereby certify that on Thursday, September 19, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Christopher Riordan, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants: none.

/s/ Jeff Scott Olson