UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

NATHAN M. POKE,

      Plaintiff,

v.                                                                          Case No. 19-CV-33

CITY OF LA CROSSE, WISCONSIN and
RON TISCHER,

      Defendants.

**DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST SET
OF WRITTEN DISCOVERY REQUESTS**

Defendants, City of La Crosse and Ron Tischer, by their attorneys, von Briesen & Roper, s.c., pursuant to Federal Rules of Civil Procedure Rules 33, 34 and 36, hereby submit the following Objections and Responses to Plaintiff's First Set of Interrogatories, Requests for Admission, Requests for Production of Documents.

## PRELIMINARY STATEMENT

These discovery responses are made solely for the purpose of, and in relation to, this action. Information supplied in these discovery responses may not be based solely upon the knowledge of the executing individual. Information supplied in these discovery responses may include knowledge from Defendants, their agents, representatives and attorneys, unless privileged. Defendants are engaged in a continuing investigation regarding the matters inquired into by Plaintiff's discovery. Therefore, Defendants reserve the right to amend these responses, if new or more accurate information becomes available, or if errors are discovered.

Furthermore, these discovery responses are given without prejudice to Defendants' right

Olson Declaration Exhibit A

to rely on subsequently discovered information or on information inadvertently omitted from these discovery responses as a result of mistake, error or oversight. To the extent the information contained herein differs in any material respect from any prior discovery responses, these discovery responses shall be deemed to update and supersede such prior responses to the extent the prior discovery responses may be inconsistent.

In preparing these discovery responses, Defendants neither accept nor acquiesce to any instructions, directions and/or definitions set forth in Plaintiff's discovery requests unless such instructions, directions and/or definitions are consistent with applicable rules of civil procedure.

## **GENERAL OBJECTIONS**

The following General Objections apply to and are incorporated into each discovery responses and shall have the same force and effect as if set forth in response to each individually-numbered discovery request, even though not specifically referred to therein. In addition, specific objections are not intended to constitute a waiver of any General Objection, and should not be construed as constituting a waiver of any General Objection.

1.     Defendants object and respond on behalf of Defendants alone and not on behalf of any other entity or person.

2.     Defendants object to each discovery request to the extent the discovery request calls for information protected by the attorney-client privilege, the attorney work product doctrine, or any other privileges, protections, or doctrines of similar effect. To the extent Defendant inadvertently produces any information protected by the attorney-client privilege, the attorney work product doctrine, or any other privilege or protection, such production is not intended to be a waiver of any applicable privilege with respect to the information produced, and shall not operate as a waiver of any applicable privilege with respect to that information.

2

3.     Defendants object to each discovery request to the extent the discovery request purports to require a response that exceeds the scope of discovery under the applicable rules of civil procedure.

4.     Defendants object to each discovery request to the extent the discovery request: (a) seeks information that is unreasonably cumulative or duplicative; (b) seeks information that may be obtained from other sources that is more convenient, less burdensome, or less expensive; and (c) the compliance with the discovery request would be unduly burdensome, overly expensive, harassing, or oppressive.

5.     Defendants object to each discovery request to the extent the discovery request is oppressive, unduly burdensome, harassing, vague, and ambiguous, or seeks information that is neither relevant to a party's claims or defenses, nor is reasonably calculated to lead to the discovery of admissible evidence.

6.     Defendants' responses are made without in any way waiving or intending to waive any objection, whether it is a General Objection or a specific objection, and Defendants' responses are made with the intent to preserve:

a.     All objections as to the competency, authenticity, relevancy, materiality, privilege, and admissibility of the subject matter of any of Defendants' responses, in this proceeding and any subsequent proceeding, including the trial of this matter or any other action;

b.     Defendants' right to object to the use of the information provided herein in any subsequent proceeding, or in the trial of matter, this or any other action on any other grounds;

c.     Defendants' right to object on any grounds at any time to other discovery

requests involving previously produced discovery and/or previously requested information; and

d.      In addition, any inadvertent production of information shall not be deemed or construed to constitute a waiver of any privilege or right of Defendants; Defendants reserve the right to demand the return any such information.  Insofar as the production of any information by Defendants in response to these discovery requests may be deemed to be a waiver of any privilege or right, such waiver shall be deemed to be a limited waiver with respect to that particular information only.

## INTERROGATORIES

**INTERROGATORY NO. 1. :**      Please identify the person(s) answering these interrogatories, giving your full name, current address and any other name by which you have been known.

**RESPONSE:**  Ronald Tischer, Chief of Police City of La Crosse Police Department, 400 La Crosse Street, La Crosse, WI 54601.

**INTERROGATORY NO. 2. :**      If your response to any of the following requests for admission is anything other than an unqualified admission, please set forth the basis for each denial and identify any and all documents, facts and witnesses that support your response.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**INTERROGATORY NO. 3. :**      Please state the number of employees of each ranks and/or job title employed by the La Crosse Police Department in 2016.

**RESPONSE:**  See Exhibit No. 1.

## REQUEST FOR ADMISSIONS

**REQUEST NO. 1.:**   Each document you have produced in response to the following requests for production of documents, and each document you produced in connection with your initial disclosures, is genuine and authentic.

**RESPONSE:**   Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**REQUEST NO. 2.:**   The City of La Crosse is an employer subject to Title VII of the civil Rights Act of 1964.

**RESPONSE:**  Defendants object to this request because it calls for a legal conclusion and therefore is improper.  Defendants also object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**A.      Nathan Poke is Initially Succesdsful as a La Crosse Police Officer.**

**REQUEST NO. 3.:**   For most of the time he worked as a La Crosse police officer, Mr. Poke was one of only two African-American officers on the force.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny. It is Defendants' understanding that Mr. Poke is bi-racial. It is unknown whether he claims to be African-American.

**REQUEST NO. 4.:**   Initially, Mr. Poke received very favorable comments and evaluations from his superiors. For example, in his very first evaluation, his evaluator praised his knowledge and appearance and wrote:

Officer Poke always has a smile on his face and brings a great attitude to work every day, Nate is professional and courteous with the public he serves, his peers and his supervisors. Nate is also very willing to assist on calls or take calls for other officers who have a larger workload.

Nate's efforts throughout the shift show in his high activity level and desire to learn and do

more. Nate is one of the shift leaders in activity level.

Officer Poke does a very good job with his report writing and citations. Nate's reports are well written and descriptive. Nate's reports contain all the necessary information. Nate is becoming very accustomed to using dictation for his reports and his reports are easy to read.

Nate has received numerous positive emails from supervisors acknowledging his performance and report writing.  Those emails show that Officer Poke really puts a lot of effort into what he does and what he signs his name to.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 5.:**   The La Crosse Police Department evaluates its officers on various dimensions of performance using a five-point scale, and in each of his evaluations, Officer Poke received mostly fives and no rating lower than four. In his second evaluation, the Department evaluator cited, "numerous positive e-mails and supervisory notes given by command staff," and wrote:

Nate embraces the teamwork philosophy with his peers and supervisors by volunteering for calls and aiding fellow officers. Officer Poke is respectful and courteous with the public and his peers.

Officer Poke . . .  is one of the leaders in self-initiated activity on second shift. Nate is a very active officer in our department.  He accepts calls that he is dispatched to and provides great service to the community, while at the same time being very proactive during his down time.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants, for the specific evaluations referenced in this discovery request, admit.

**REQUEST NO. 6.:**   The La Crosse Police Department also tracks officer performance using quantitative metrics. One quarterly summary of Officer Poke's statistics read:

Officer Poke's self-initiated activity is at a 4.4 which is way above the shift high performance standard of 4.1. His total activity was at a 9.1 which is also above the shifts average of 8.0.

It should be noted that Officer Poke was also above shift average in calls for service for the year.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants, for the specific quarterly summaries referenced in this discovery request, admit.

**REQUEST NO. 7.:**   In March 2013, La Crosse Chief of Police Ron Tischer appointed Officer Poke to the department's new position entitled, "Neighborhood Response Officer" (NRO).

**RESPONSE:**   Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny. In January of 2014, Chief of Police Ron Tischer appointed Officer Poke to the department's new position entitled, "Neighborhood Response Officer" (NRO).

**REQUEST NO. 8.:**   This program was designed to allow the department to go out into the community and build positive relationships and partnerships with different stakeholders in the local community.

**RESPONSE:**   Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny the request, but admit the "Neighborhood Response Officer" program was designed to work with the La Crosse citizens, business owners, and students to address the needs of specific neighborhoods and the La Crosse community. The Neighborhood Response Officers also serve as liaisons between citizens and the City of La Crosse leaders such as the Mayor, Council Members, and Department Heads.

**REQUEST NO. 9.:**    Numerous people in the department applied for this position, and after a selection process involving interviews and essays Mr. Poke was selected for this position.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, and ambiguous.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 10.:** During Officer Poke's time as Neighborhood Response Officer he made a positive difference in a number of lives among the youth of La Crosse.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 11:**  Officer Poke spent a lot of time at the local Boys and Girls Club, and worked with the local YMCA and Big Brothers Big Sisters programs.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 12:**  On May 15, 2014, Chief Tischer presented Officer Poke with the Department's Traffic Safety Award, commending him for "leading the department in the combined traffic enforcement of operating while intoxicated, speeding, seatbelt and traffic signal violations with 523 total traffic stops" in 2013.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, and ambiguous.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 13.:**  In 2015, Officer Poke was assigned to the same squad car as another NRO Officer, Dan Ulrich, who is white.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, and ambiguous.

Subject to and without waiving the forgoing objections, Defendants deny. In 2014, Officer Poke was assigned to the same squad car as NRO Officer, Dan Ulrich. Further, it is unknown whether Mr. Ulrich claims to be white.

**REQUEST NO. 14.:**  La Crosse police officers were required to report misconduct by their fellow officers.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, and ambiguous.

Subject to and without waiving the forgoing objections, Defendants admit.

**B.     August 12-13, 2015.**

**REQUEST NO. 15.:**  On August 12 or 13, 2015, Officer Ulrich told Officer Poke that Ulrich had some "stuff" that he had been holding onto for a while and needed to get rid of.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

### C.     August 14, 2015: Officer Poke finds contraband and turns it in.

**REQUEST NO. 16.:**  On August 14, 2015, Officer Poke was working by himself and started his shift by cleaning the squad car he regularly shared with Officer Ulrich.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 17.:**  In the course of cleaning the squad car, Officer Poke found a number of unusual items in two different evidence bags in the trunk of the car.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 18.:**  Those items included two BB Guns, numerous hypodermic needles (both clean and used), several Adderall pills, several other pills, a food-stamp card for Josiah Jensen-Innis, drug paraphernalia, and smaller gem bags containing a clear glass-like residue that Officer Poke thought was methamphetamine.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 19.:**  It was proper for Officer Poke to speak with his direct supervisor, Sergeant Andy Dittman, then acting Sergeant of the Vice Unit and the Neighborhood Response Officer unit, about the items he had found in the squad car.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 20.:** Sergeant Dittman rode in Officer Poke's squad with him to run an errand and, while they were on the way back to the Police Department, Officer Poke pulled over into an alley and asked to speak with Dittman.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 21.:** Officer Poke asked Sergeant Dittman what the protocol was for supervisors searching department vehicles, and then asked Sergeant Dittman if Dittman could search Poke and Ulrich's squad car.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 22.:** Sergeant Dittman asked why, and Officer Poke told him that there were some items in the trunk of the squad car that Poke wanted Dittman to take into his possession.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 23.:**  Officer Poke told Sergeant Dittman that Dan Ulrich had begun doing things during work hours that Officer Poke could not condone.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 24.:**  Officer Poke said that he was afraid Officer Ulrich's misconduct was getting progressively more serious, and that Poke did not want to be a part of it anymore.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 25.:**  Officer Poke made these reports to Sergeant Dittman about Ulrich's misconduct pursuant to Poke's duties as a La Crosse police officer.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 26.:**  Officer Poke told Sergeant Dittman that he feared that his own career could be in jeopardy, since Officer Poke was Officer Ulrich's partner.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 27:**  Sergeant Dittman retrieved the unusual items from the rear of the squad car and took possession of them.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 28:**  Sergeant Dittman asked Officer Poke if Poke know where any of them came from.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 29.:**  Officer Poke told him that Poke didn't know where any of the items had come from, but he knew that Officer Ulrich knew about the items, because Ulrich had recently told Poke that he had stuff he needed to get rid of.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 30.:**  During this conversation. Sergeant Dittman told Officer Poke that he had noticed that Poke had not appeared to be happy at work recently.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks

20

information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 31.:** Sergeant Dittman also told Officer Poke that other people had approached him and asked him what was going on with Poke and why Poke did not seem to be normal.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 32.:** In response, Officer Poke told Sergeant Dittman that Poke had dreaded coming to work for some time.

21

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 33.:**  Officer Poke told Sergeant Dittman that he and Officer Ulrich did not get along well and did not work well together.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 34.:**  Officer Poke said that in almost a year and a half, Poke had only driven their shared vehicle six or seven times, and that he felt more like Officer Ulrich's subordinate than his partner.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 35.:**  Sergeant Dittman told Officer Poke that Poke needed to speak with Ulrich and tell him that Poke did not want to be a part of doing illegal things or things that could be perceived as improper.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 36.:**  Sergeant Dittman said that Officer Poke needed to separate himself from Officer Ulrich, in case Ulrich ever got sued, so that Poke could say that he had not condoned what Ulrich was doing nor had he had any part in it.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 37.:**  Sergeant Dittman asked Officer Poke why Poke thought Ulrich may have been holding onto the items that were in the trunk of the vehicle.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 38.:**  Officer Poke told him that Officer Ulrich had a history of throwing things away.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 39.:**  Officer Poke told Sergeant Dittman that Ulrich had thrown away property belonging to people that he did not like, and had thrown away property that he did not want to take the time to place into evidence.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 40.:**  Officer Poke told Sergeant Dittman that, about a week earlier, when Poke had come to work one day, there had been a sweatshirt on the back of the squad car.  Ulrich had told Poke it belonged to a woman in jail. Officer Poke asked Ulrich if he was going to stop at the jail to turn it over to be placed with her property, and Ulrich had said that he was just going to throw it away instead.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 41.:**  Officer Poke explained his concern that Ulrich might retaliate if he knew that Poke had told Sergeant Dittman about the unusual items in the trunk.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 42.:**  Officer Poke said that working with Officer Ulrich was already bad enough, and that Poke did not want to have the additional stress of worrying about retaliation.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 43.:**  This conversation ended with Sergeant Dittman telling Poke that he was going to send an email to both Ulrich and Poke saying that he had randomly searched their vehicle and come across the above items in it.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 44.:**  Sergeant Dittman said that he would then ask them both to write him memos about their knowledge of these items.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 45.:**   Sergeant Dittman did send such an email, at 12:45 p.m. that day.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 46.:**   Officer Poke understood correctly that Sergeant Dittman was required to report the information Poke had conveyed to him to his own superiors, including Lieutenant Matt Malott and Captain Shawn Kudron.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 47.:** Officer Poke assumed that these superiors would initiate an investigation into Ulrich's conduct and that Officer Poke would then be interviewed about it in greater depth.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 48.:**  A very short time after Sergeant Dittman and Officer Poke ended their conversation, Officer Ulrich texted Officer Poke and asked if Officer Poke was working.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks

information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 49.:**  Officer Poke responded by saying "yea, drama," and Ulrich replied to the effect of, "Don't worry I have a story already about the things in the vehicle."

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 50.:**  Poke saved this exchange and on August 31, 2015, he allowed Captains Kudron and Jason Melby to view these messages and take pictures of them.

31

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**D.     August 30, 2015: Poke and Ulrich arrest Marcus Chandler and Ulrich discards Chandler's bong.**

**REQUEST NO. 51.:**  On August 30, 2015, Officer Ulrich and Officer Poke were involved in a high-speed pursuit, which culminated in apprehending the driver of the pursued vehicle, Marcus Chandler.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 52.:**  Chandler's car was searched by numerous La Crosse police officers.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 53.:**  The officers located contraband, including a water bong that Officer Ulrich brought back to the Police Department as evidence.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 54:**  Officer Ulrich later discarded this bong by throwing it away in the garbage can located in the Police Department break room.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 55:**  When Officer Ulrich threw this away, Officer Tyler Pond was standing in the break room talking with Officer Ulrich.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**E.   August 31, 2015, Officer Poke is demoted and reports Ulrich's misconduct to his captains.**

**REQUEST NO. 56.:** When Officer Poke arrived at work on August 31, 2015, the Neighborhood Response Officers on duty were asked to meet in Investigative Sergeant Blockhius's office.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 57.:** Sergeant Blockhius told the other Neighborhood Response Officers that they should go find something to do to stay busy.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 58.:**  After dismissing everyone, else, he told Officer Poke to stay behind.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 59.:**  Sergeant Blockhius told Officer Poke that Captains Shawn Kudron and Jason Melby wanted to meet with him.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit Captains Shawn Kudron and Jason Melby met with Mr. Poke, but deny conversation.

**REQUEST NO. 60.:**  Officer Poke was then escorted into the investigative conference room where Captains Melby and Kudron were waiting for him.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 61.:**  During this meeting with the two Captains, they told Poke that the Chief of Police, Ron Tischer, wanted them to remove Poke from the Neighborhood Response Officer position and have him placed back on regular shift patrol.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny, but admit Mr. Poke was to be re-assigned to regular shift patrol.

**REQUEST NO. 62.:**   They explained to Officer Poke that the Chief had made this decision for two reasons.  First, it had been reported to Chief Tischer that while Officer Poke had been assigned to work a football camp, he had left the camp and not participated.  Second, they said, a few weeks earlier, Sergeant Dittman had ordered both Officer Ulrich and Officer Poke to go to Hamilton Elementary School, and Poke had not gone.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 63.:**  Officer Poke explained to both captains that these two reasons for demoting him were groundless.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny. Further, Mr. Poke was not demoted.

**REQUEST NO. 64:**   Officer Poke asked them whether they had interviewed any of the staff that worked the football camp when Poke and Ulrich had, and whether they had spoken with Neighborhood Response Officers Tyler Pond, Dale Gerbig, or Dan Ulrich about the football camp, because, he said, they could all confirm that Poke had been at the camp the entire time.  The captains stated that they did not know much about the situation and were only there to direct Officer Poke back to patrol.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 65.:**  Officer Poke also explained to the captains that Sergeant Dittman had not ordered Poke and Ulrich to go to the Hamilton school.  Poke told them that he remembered that day clearly:  Sergeant Dittman had simply told them that if they did not have any plans, they could stop by the Hamilton Early Learning Center.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 66.:**  Officer Poke told them that he remembered that because he had laughed to himself about it, since Sergeant Dittman almost never had anything for them to do and never ordered them to do anything.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 67.:** Officer Poke recalled that he had also laughed because Ulrich and Poke had already been in the habit of going to that school almost daily, without anyone having suggested that they make it part of their pattern.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 68.:** Officer Poke told the captains that he remembered Ulrich telling him in their squad car that he was going to go to the school.

41

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 69.:**  Poke said he had asked Ulrich if they could go later because Officer Poke was not in the right mood to relate properly to children with whom they had spent significant time building relationships.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 70.:**  Poke told the captains that Ulrich chose to go there anyway and Poke had no choice because Ulrich did the driving.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 71.:**  Officer Poke told the captains that when Ulrich got to the school, Poke had handed him some stickers from their pack of stickers and Ulrich had gone in.  When he left, he said it would only be a minute and Poke should not worry.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 72.:**  Poke told the captains that while Ulrich went into the school, Officer Poke sat in their squad car and checked his email.  Officer Poke also logged into the Police Department's Records Management System program and looked at the updated warrant list and the line-up lists online.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 73.:**  Then Poke told the captains that Officer Ulrich came back out and got more stickers and said, "Dude, you sure you don't want to come in? The kids are nice here and not the typical shit heads."

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 74.:**  Poke told the captains that Poke told Ulrich that he was going to get the computer set up and stay in the car.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 75.:**  Poke told the captains that Ulrich went back inside and came back out in short order.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks

information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 76.:**  Poke told the captains that he estimated that Ulrich was inside the school for no more than ten minutes.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 77.:**  Officer Poke then asked Captains Kudron and Melby if Sergeant Dittman had come to them with the concerns that Poke had discussed with him on August 14.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 78.:** They both said Dittman had not, and that they did not know what Officer Poke was referring to.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 79.:**  Officer Poke then told both captains everything that he had said to Sergeant Dittman on August 14.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 80.:**  Officer Poke also let them look at his text messages from Ulrich.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 81.:**  They were able to see the messages that Ulrich had sent to Poke on August 14 about coming up with his story about the items in the trunk.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit to viewing the texts, but deny the remaining allegations.

**REQUEST NO. 82.:**  They asked if they might take pictures of these messages and Poke allowed them to do so.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 83.:** Poke also enumerated for both captains numerous other complaints that he had about Ulrich, including exaggerating the facts in police reports, not arresting people who had outstanding warrants when he encountered them, knowingly breaking rules, not turning in overtime slips when they were due so that he could try to manipulate his tax withholding deductions, lifting weights for over an hour numerous times during work hours (even after having been spoken to about it), and other things.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 84.:** Officer Poke told the captains that Ulrich had confiscated methamphetamine but thrown it away, and that he had stolen while on duty.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 85.:**   At the end of this discussion, Officer Poke was requested to write two memos.  The first was to be a response to the two reasons that they identified for Officer Poke's demotion. The second was to be about his complaints regarding Officer Ulrich, including all the things that Poke had just told them.

**RESPONSE:**   Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 86.:**   Captain Melby later confirmed the order to write the second memo in an email to Officer Poke.

**RESPONSE:**   Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 87.:**  Officer Poke completed and transmitted his memo about the reasons for his demotion that same day.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**REQUEST NO. 88.:**  He completed and transmitted his memo detailing his reports about Officer Ulrich the next day, on September 1, 2015.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**F.       September 1, 2015:  Poke speaks with Assistant Chief of Police Abraham.**

**REQUEST NO. 89.:**  September 1, 2015, was Officer Poke's first day working back on regular patrol after he was removed from his NRO position.  When he arrived at work, he first completed and turned in his memo detailing his reports about Officer Ulrich.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 90.:**   Officer Poke then went to the Assistant Chief of Police, Rob Abraham, to speak with him about what was going on.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 91.:**  This was normal for Poke; he had a made it a routine practice to speak with Assistant Chief Abraham whenever he had issues on the job.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 92.:** When Officer Poke sat down he could tell that Assistant Chief Abraham was angry at him.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 93.:** Officer Poke asked him what was going on and why Poke was demoted 17 days after coming forward about Ulrich's misconduct.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny. Further, Mr. Poke was not demoted.

**REQUEST NO. 94.:** Assistant Chief Abraham then began yelling at Poke, saying, "How the hell could you drop a black bomb on the department like that?"

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**REQUEST NO. 95.:** Abraham said that what Officer Poke had done was "terminal" to Officer Ulrich's career.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks

information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**REQUEST NO. 96.:** He also told Poke that he already had gone to the Police and Fire Commission to tell them what was happening, and he told Poke that, "If what you said is true, they are going to for sure fire his ass."

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**REQUEST NO. 97.:** He then slowed down and told Poke that Poke should have just come to him.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 98.:**  He told Officer Poke that Poke had made a mistake by "keeping a dirty black book."

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**REQUEST NO. 99.:**   Officer Poke asked him why he had been demoted for two reasons that were ridiculous, while Officer Ulrich did not appear to have suffered any consequences for what he had done.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny. Further, Mr. Poke was not demoted.

**REQUEST NO. 100.:**  Assistant Chief Abraham responded that Poke was lucky to even still have a job.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**REQUEST NO. 101.:**  He told Officer Poke that Poke had been insubordinate and that the Department had fired numerous officers for a lot less.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**REQUEST NO. 102.:**  Assistant Chief Abraham then told Poke that Officer Ulrich had been placed on "Desk Duty" as of that day, and that Poke was lucky that he was still working patrol because, "Officer Ulrich's ass is on the bench."

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

G.     **September, 2015: Poke speaks with Human Resources Director Wendy Oestreich and Mayor Tim Kabatt.**

**REQUEST NO. 103.:**  On September 2, 3, or 4, Officer Poke met with City of La Crosse Human Resources Director Wendy Oestreich, and spoke to her about his concerns about the Police Department.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 104.:**  Officer Poke spoke with her about being demoted after coming forward with information about Officer Ulrich.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 105.:**  He also told her that he believed that Assistant Chief Abraham was incorrectly handling donated funds and that Ulrich and Poke had been asked to lie about their needs for the Neighborhood Response Officer program.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 106.:** Officer Poke told Oestreich that he believed the Police Department's administration covered things up for certain people.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 107.:** A day or so later, Poke met with Oestreich and the Mayor of La Crosse, Tim Kabatt, in the Mayor's office.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks

information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 108.:** Poke told Kabatt the same things that he had told Oestreich the previous day.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 109.:** Officer Poke also told the Mayor that Poke anticipated that the Police Department would retaliate against him for coming forward about another officer and especially for coming forward about improper things he believed the Assistant Chief was doing.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 110.:**  Officer Poke told them that he believed this would happen because he had seen Department management retaliate against people for much less.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**H.      September 8, 2015: Poke interviews witness Lenell Carter.**

**REQUEST NO. 111.:**  On September 8, 2015, Officer Poke returned to work after a few days off and learned that Lenell D. Carter, a black man who was believed to have knowledge about a recent shooting, had been calling the Police Department numerous times over those few days trying to speak with him.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 112.:**  While Officer Poke was in the report room trying to get Mr. Carter on the phone, Sergeant Dittman came into the room.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 113.:**  He told Poke that he knew Mr. Carter wanted to speak to Poke about the shooting, and that Poke would need to complete a report on whatever Mr. Carter told him.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 114.:**  Officer Poke also learned that Mr. Carter had not been cooperative with investigators at the time of the shooting and wanted to speak only with Officer Poke about it.

**RESPONSE:**   Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 115.:** Officer Poke finally got in touch with him and Carter requested that Poke come to his girlfriend's house and speak with him there.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 116.:** Due to the seriousness of the shooting investigation, Officer Poke made sure that his squad car recorder was turned on and recording.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 117.:** Because his squad car recorder could easily prove unreliable as he got farther from his squad car, Officer Poke also turned on the sound recorder on his cell phone to make certain that his conversation with Carter could be captured.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 118.:**   After completing this interview, Officer Poke spoke with Investigator Corey Brandl, who was working on the same case.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 119.:** Officer Poke had learned that there were actually two different shootings on successive nights, and this helped the investigators better understand their crime scene evidence.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 120.:** They had found bullet casings that had not made sense, because they had not known there was a shooting in the same place the night before.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 121.:** Officer Poke was also able to identify the likely shooter and his accomplice.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 122.:** Brandl said that the information that Officer Poke had gathered explained a lot of things the police had not known previously, and thanked Poke for his good work.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 123.:**  Officer Poke then completed a report for the Investigative Bureau.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 124.:**  In that report Officer Poke explained why he had used his phone as a back-up recording device and wrote that if the squad recorder had not captured his interview, he had a copy saved on his phone that he could place into evidence.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

I. **September 11, 2015: Poke is threatened with discipline for recording the Carter interview.**

**REQUEST NO. 125.:** On September 11, 2015, Captain Kudron (Sergeant Dittman's supervisor) read Officer Poke's report and reported Poke to Assistant Chief Abraham for allegedly violating several general orders.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 126.:** Assistant Chief Abraham then emailed Officer Poke saying that Poke had violated orders and suggested that Poke change his technique next time.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 127.:**  Captain Kudron was trying to get Poke in trouble for coming forward about Officer Ulrich and Sergeant Dittman.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**REQUEST NO. 128.:**  If Officer Poke had been white he would not have been told he had violated orders in these circumstances.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**J.**     **September 10, 2015:  Poke is reprimanded for contacting a citizen.**

**REQUEST NO. 129.:**  During his time as a Neighborhood Response Officer, Officer Poke had worked closely with Heidi Stein at the Big Brothers Big Sisters program.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 130.:**  In early September, Ms. Stein had asked Officer Poke if he would help her with a new program her organization was hoping to start, and asked Poke to come out to meet with her.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 131.:** On September 10, 2015, at 5:30 p.m., Officer Poke emailed her back to tell her that he had been removed from his duties as a Neighborhood Response Officer but that he would still help her if she wished.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit Mr. Poke sent the email, but deny the remaining allegations contained in the request.

**REQUEST NO. 132.:** Poke also told her that if she wanted to have the Neighborhood Response Officer unit help her instead, she should contact Sergeant Dittman.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks

information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 133.:** Officer Poke copied Sergeant Dittman in on his email, so that Ms. Stein and Sergeant Dittman would have each other's email addresses.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 134.:**  Officer Poke did not say anything in this email that disparaged the La Crosse Police Department, and he did not say anything about why he had been removed from his NRO duties.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**REQUEST NO. 135.:**  He simply emailed his response to Ms. Stein as a courtesy, not only for her benefit, but for the benefit of the Police Department, as Officer Poke wanted the Department to be able to continue to work smoothly with the Big Brothers Big Sisters program.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 136.:**  Thirty minutes after Officer Poke sent his email to Ms. Stein, Sergeant Dittman forwarded his copy of it to Captain Kudron.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**REQUEST NO. 137.:** Ten minutes after that, Captain Kudron forwarded the email to the Assistant Chief.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 138.:** At 8:56 p.m. Officer Poke was ordered in to the sergeants' desk and given a memorandum from Assistant Chief Abraham.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 139.:** It stated that Officer Poke had violated several policies by sending his email to Ms. Stein and that Officer Poke was thereafter "hereby ordered not to speak about the internal matters of this department to anyone other than his LPPNSA rep or his WPPA rep. or private attorney or command staff."

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit the memorandum stated "hereby ordered not to speak about the internal matters of this department to anyone other than his LPPNSA rep or his WPPA rep. or private attorney or command staff" but deny the remaining allegations contained in the request.

**REQUEST NO. 140.:** In fact, Poke had violated no orders or policies, and the accusation that he had was simply retaliation for his earlier reports of misconduct.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**REQUEST NO. 141.:**  If Officer Poke had been white he would not have been told he had violated orders in these circumstances, or given a directive regarding contacting citizens.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

### K.    September 11, 2015: Poke is placed on nondisciplinary leave by the Mayor's office and the Human Resources Department.

**REQUEST NO. 142.:**  Officer Poke worked the shift he had begun on September 10, 2015, until roughly 4 a.m. on September 11.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 143.:**  Later that day, Officer Poke telephoned La Crosse Human Resources Director Wendy Oestriech and Mayor Tim Kabatt, leaving a message, in each case, that he wanted to meet, and asking that they call him back.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 144.:**  Officer Poke wanted an immediate meeting because he felt that he had been targeted and subjected to unjustified and nitpicking criticisms over his last several days of work in retaliation for his reports of wrongdoing by Ulrich and Abraham and for having exposed Dittman for not having relayed Poke's reports about Ulrich promptly up the chain of command as he ought to have done by his reports to the captains at the time he was informed of his demotion.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks

information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 145.:**  Officer Poke went to the City Hall hoping to be able to meet with Oestreich in her office but he was so distraught that when he got to the City Hall he began crying in his car.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 146.:**  He then saw Investigator Corey Brandl walking out of the City Hall and asked him if he had a minute to talk.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 147.:**  Brandl sat with Poke in his car for a short time.  While they sat in Poke's vehicle, Mayor Kabatt and Human Relations Director Oestreich each separately called Poke on his cell phone.  Officer Poke never really even got to speak with Brandl and Brandl eventually got out and left because he had obligations requiring his presence elsewhere.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 148.:**   The Mayor told Poke that he was busy with other things and so would contact Poke within the next few days, but, meanwhile, Oestreich would be addressing his issue that day.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 149.:**   Oestreich told Poke the Human Resources and the Mayor's Office would see to it that Poke was placed non-disciplinary paid administrative leave until they could look into his complaints of retaliation.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 150.:**  Later that night Poke was contacted by several people from the Police Department asking if he was alright.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 151.:**  The callers said that the Mayor's wife had called the Police Department asking that someone be sent to check on the Mayor.  She said that the last thing he had told her was that he was dealing with a disgruntled police officer and she was fearful because could not reach him by phone.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 152.:** People at the Police Department, including the people and supervisors who contacted Officer Poke, knew that Poke had been speaking with the Mayor over the last week and knew that the disgruntled officer the Mayor had been reportedly referring to was Poke.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

      **L.**     **September 14, 2015: Poke learns he is being watched.**

    **REQUEST NO. 153.:**  On September 14, 2015, Poke was contacted by Brandl, who told Poke that he had been questioned by Captain Kudron and Assistant Chief Abraham about the conversation Brandl and Poke had in Poke's car.

    **RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

    Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

    **REQUEST NO. 154.:**  Brandl told Poke that someone was obviously watching Poke and had seen them talking, and that Kudron and Abraham had wanted to know exactly what they had discussed.

    **RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

### M.   September 17, 2015: Poke is placed on disciplinary leave by Chief of Police Tischer.

**REQUEST NO. 155.:**  On September 17, 2015, Poke received a phone call from Sergeant Blockhuis, who told him that the Chief of Police had decided to place Poke on administrative leave.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 156.:**  He stated that he needed to meet with Poke and collect his gun and badge.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 157.:**  Poke asked him how this could be, as Poke had been placed on leave a few days earlier.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 158.:**  Blockhius stated that there were complaints lodged against Poke and that the Department might choose to bring criminal charges against Poke, in which case Poke would need a lawyer.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 159.:**   A short time later Officer Poke returned to the Police Department and turned in his duty gun, police identification card, and badge.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit Mr. Poke returned to the Police Department and turned in his duty gun, police identification card, and badge.

**REQUEST NO. 160.:**   Poke was also given a memo from Chief Tischer entitled, "Rules While on Administrative Leave" informing Poke that he was being placed on administrative leave "based on the seriousness of recently reported allegations of multiple policy violations."

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks

information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 161.:**  If Officer Poke had been white he would not have been placed on disciplinary administrative leave in these circumstances or threatened with criminal prosecution, especially since he was already on leave as ordered by the Mayor.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**N.     September 18, 2015: Poke is interviewed by counsel for the City, Attorney Nancy Pirkey.**

**REQUEST NO. 162.:**  On September 18, 2015, Poke had a meeting, that had been set up by the Human Resources Department and the Mayor's Office, with Attorney Nancy Pirkey, a lawyer hired by the City.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks

information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 163.:** Present during this meeting were Pirkey, Wisconsin Professional Police Association Attorney Andy Schauer, Wisconsin Professional Police Association representative Jerold, and Poke.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 164.:** This interview was conducted at the La Crosse public library and lasted approximately three hours.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 165.:**  It was recorded by at least one of its participants.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 166.:**  The purpose of this meeting was for Attorney Pirkey to interview Poke and hear his complaints so she could make an informed recommendation as to whether the City ought to hire someone to do a thorough investigation of Poke's complaints.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 167.:**  During the meeting in the library, Poke received an email, sent to all Police Department personnel by Chief Tischer, that read:

Per the Mayor's Office:

No member of the police department is to have any verbal or written communication with Officer Nathan Poke.  Any matters regarding Officer Poke shall be directed to the Mayor's Office. If there are any questions please see either myself or Assistant Chief Abraham."

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit.

**REQUEST NO. 168.:**  Poke immediately gave copies of this email to Attorneys Schauer and Pirkey.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 169.:**  Pirkey stated that she could not believe the Chief of Police would send an email like that.  She said that it was very sad.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 170.:**  If Officer Poke had been white he would not have been quarantined from all communications with his fellow officers in these circumstances.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**REQUEST NO. 171.:**  After this meeting, Officer Poke learned that Attorney Pirkey had advised the City that it appeared Poke was being targeted and retaliated against, and that her advice was that the City conduct a full investigation.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**O.    Fall, 2015: the Lewis investigation**

**REQUEST NO. 172.:**  At some point after the meeting in the library, Poke contacted Oestreich and asked why the Chief had prohibited roughly 120 people employed by the Police Department, with whom he had worked for several years, from speaking with him, not only on a professional basis but also simply as friends.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 173.:**  Oestreich said that she did not know what Poke was talking about, so Poke showed her the chief's email.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks

information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 174.:** A few days later Oestreich told Poke that there must have been a miscommunication between the Mayor and the Chief, and stated that another email had been sent out to all Police Department employees correcting the initial email.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 175.:** Poke did not receive a copy of this email because the Police Department had deactivated his email account.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 176.:**  On a later occasion, Oestreich told Poke that the Human Resources Department had communicated to the Police Department that Human Resources wanted to move forward with a full investigation.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 177.:**   She told Poke that a man named Jim Lewis, the acting Chief of Police in Green Bay, would be taking over the investigation, because he would be unbiased.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 178.:**   Poke told Oestreich that he did not think a Chief of Police from another agency could be presumed to be unbiased.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 179.:**  Officer Poke also asked why a Chief of Police was being tasked with doing this investigation when all of the other investigations had been conducted by outside lawyers.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 180.:**  Oestreich told Poke that they hired a police chief because he would know the "ins and outs" of the police world better, and would know what is common and normal on a police force.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 181.:**  Around beginning of November, 2015, Poke, who was still on administrative leave with pay, contacted Wisconsin Professional Police Association Attorney Andy Schauer and asked him what was going on.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 182.:**  It was common knowledge that Jim Lewis was doing an investigation into Poke's concerns, but Officer Poke had not been contacted by Lewis and did not know the status of any investigations.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks

information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 183.:**  Attorney Schauer told Poke he would contact Lewis.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 184.:** Schauer contacted Lewis, and Lewis agreed to have a phone conversation with Poke.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks

information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 185.:** Lewis, Schauer, and Poke had a phone conversation later in November, 2015, that lasted about five minutes.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 186.:** In this brief conversation, Officer Poke told Lewis that he believed that Officer Ulrich was officially on "light duty," but explained that several times Officer Ulrich was seen out of the office and on assignments.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 187.:**  Officer Poke told him that Officer Ulrich was basically "partnered" up with Sergeant Dittman.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 188.:** Officer Poke said he believed Ulrich's friendly relationship with Sergeant Dittman had always trumped a professional atmosphere and that Poke believed Sergeant Dittman was covering for Ulrich.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 189.:**  During this conversation, the only thing Lewis wanted to know from Poke was when Poke had been placed on leave and when his father had died.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 190.:**  Poke told him that he had been placed on administrative leave with pay by Human Resources and the Mayor's office before the Police Department started an investigation of him and also that it had been Officer Ulrich's father who had died, not Poke's father.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

### P.    November 12, 2015: Poke learns the Department is soliciting citizen complaints about him

**REQUEST NO. 191.:**  On November 12, 2015, reporter Anne Jungen of the La Crosse Tribune released a story on the newspaper's Facebook page entitled, "Former La Crosse Officer Plans Federal Suit Against Agency." It was about Anthony Clark, the other African American officer who had served on the La Crosse Police Department with Poke.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks

information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 192.:**  While Poke was reading this article, he looked at the comments. Officer Poke observed comments from two people that Officer Poke know well from working in La Crosse.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 193.:**  The first message, from Banesa Guerra, stated: "They racist Whitney Graham and we know fosho."  Whitney Graham then responded: "Officer Poke definitely know for

sure .. especially when one there own show up asking me to make report on Poke, Clark a good officer so is Ulrich period"

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 194.:**  Officer Poke photographed this story and the comments.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 195.:**  Banesa and Whitney are very well known to the La Crosse Police.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 196.:**  A few hours later that story was pulled and removed from the Tribune's Facebook page.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**Q.      November 19, 2015: Poke follows up on the solicitation of citizen complaints**

**REQUEST NO. 197.:**  Officer Poke reached out to Whitney Graham on Facebook to see if she would talk to him about her comments on the web page and see if she could tell Officer Poke who from the department had gone to her asking her to make a complaint about Officer Poke.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 198.:**  Graham confirmed that a La Crosse policeman had come to her to ask that she lodge a complaint about Poke.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 199.:**  She said she did not know the name of the officer who came to her, and said that she did not want to talk further about it because she did not want to deal with lawyers or get involved in his situation.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 200.:**  If Officer Poke had been white, the Department would not have solicited complaints about him from citizens in these circumstances.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

### R.    November 23, 2015: The Lewis investigation clears the Department

**REQUEST NO. 201.:**   On November 23, 2015, Officer Poke was informed that Jim Lewis's investigation summary had been mailed to Poke.  Officer Poke was also informed that Lewis had found that the Police Department had not treated Officer Poke poorly nor retaliated against him.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

### S.    December 7, 2015, Poke confirms that the Department has solicited complaints about him.

**REQUEST NO. 202.:**   On December 7, 2015, Officer Poke reached out to Banesa Geurra on Facebook and she also confirmed that member of the Police Department had come to her and Whitney Graham asking them to make a complaint against Officer Poke.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks

information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**T.      January 7, 2016:  Poke is interviewed regarding his alleged misconduct.**

**REQUEST NO. 203.:**  On January 7, 2016, the investigation of Mr. Poke had progressed to a point that, on that day, he was interviewed by a lawyer the City had hired to conduct an investigation of his alleged wrongdoing, Eileen A. Brownlee, of the Madison, Wisconsin, law firm, Boardman & Clark, LLP.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny, but admit the investigation was turned over to Attorney Brownlee of the law firm, Boardman & Clark, LLP.

**REQUEST NO. 204.:**  This interview took several hours.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 205.:** Brownlee asked Poke about the allegations of which he was aware from the time of his demotion, but she also asked him about "starting investigations" without approval by looking up general orders that the Assistant Chief Abraham might have violated when he and his friend were pulled over and his friend was arrested for OWI on a boat.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny. Further, Mr. Poke was not demoted. With regard to Attorney Brownlee's questioning of Mr. Poke, Defendants

have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 206.:**   Because Poke had asked another officer (Jarod Reed) what orders he thought were violated by that conduct, Brownlee was investigating Poke for having started an investigation into Assistant Chief Abraham's conduct without permission from his superiors.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny. With regard to Attorney Brownlee investigation into Mr. Poke's investigation of Assistant Chief Abraham, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 207.:**   Someone had listened to all of the audio recordings from Poke's first week of working patrol after his demotion.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 208.:**  Brownlee asked Poke about having told people that he was probably going to quit the force and move away.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 209.:**  She asked whether Poke had asked Brenda Jackson if she had slept with Lieutenant Malott.

**RESPONSE:**  Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative

access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 210.:** She asked whether Poke had asked Brenda Jackson whether Lieutenant Malott uses cocaine.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 211.:** Brownlee stated that Officer Poke had revealed the identity of an informant to someone while working.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request.

**REQUEST NO. 212.:** The last short part of the interview ended with Brownlee asking Officer Poke a few questions pertinent to his original complaints about Officer Ulrich back on August 14 and 31.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 213.:** At approximately the time of this interview, one or more City representatives told Andrew D. Schauer, a Staff Attorney for the Wisconsin Professional Police Association (WPPA), who represented Mr. Poke in an investigatory interview, that the City, meaning,

at least, the Chief of Police, was absolutely intent upon terminating Mr. Poke's employment, and Attorney Schauer told Mr. Poke this in an email.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.  With regard to the email of Attorney Schauer, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 214.:**   If. Officer Poke had been white, the City of La Crosse would not have set out to terminate him.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

**U.     The end of Mr. Poke's employment as a La Crosse police officer.**

**REQUEST NO. 215.:**  Because Mr. Poke correctly believed that there was no chance to preserve his employment and reputation by opposing the City's efforts to fire him through available channels, Mr. Poke authorized his union and his attorneys to negotiate for the most favorable terms of resignation they could secure.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants have made a reasonable inquiry into the request and the information known or readily obtainable is insufficient to enable these Defendants to admit or deny this request.

**REQUEST NO. 216.:**  On August 10, and 11, 2016, respectively, the City's representative and Mr. Poke signed an agreement that effected the termination of his employment with the City of La Crosse.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving

the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants admit the City's representative and Mr. Poke signed the Separation Agreement on August 10, and 11, 2016, respectively. However, Defendants deny the remaining allegations in the request, as the agreement speaks for itself.

**REQUEST NO. 217.:**  Mr. Poke's resignation pursuant to this agreement was a constructive discharge, since Mr. Poke resigned only in order to avoid certain termination for alleged misconduct.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Subject to and without waiving the forgoing objections, Defendants deny.

<div align="center">

**REQUEST FOR PRODUCTION OF DOCUMENTS**

</div>

**REQUEST NO. 1.:**    Please provide all documents which you identified, to which you referred, or upon which you relied, in answering Plaintiff's interrogatories and requests for admission, above.

**RESPONSE:** Defendants object to this discovery request as overly broad, vague, ambiguous, and unduly burdensome. Further, Defendants object as this discovery request seeks information that is neither relevant nor proportional to the needs of the case, considering the

importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

**REQUEST NO. 1.:**   Please provide copies of any photographs taken on August 31, 2015, by Captains Kudron or Jason Melby or both of text messages on Plaintiff Poke's cell phone.

**RESPONSE:**  See Exhibit No. 2.

**As to Answers**:

Dated this _____ day of June, 2019

By: _____

   Ron Tischer

Subscribed and sworn to and before me
This _____ day of June 2019

_____
Notary Public, State of Wisconsin
My Commission Expires: _____

122

**As to objections**:

Dated this _19th_ day of June, 2019.

<div style="margin-left:40%">

von Briesen & Roper, s.c.
*Attorneys for Defendants, City of La Crosse and Ron Tischer*

By: _Christopher P. Riordan_

Christopher P. Riordan, SBN 1018825
411 E. Wisconsin Avenue, Suite 1000
Milwaukee, WI 53202
414-287-1268
414-238-6635 – Facsimile
criordan@vonbriesen.com

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon all counsel of record in the above matter pursuant to Sec. 801.14(2), Wis. Stats. sent by first class mail on: _6|19|19_ .

</div>

| Rank |
| --- |
| Chief |
| Assistant Chief |
| Capt - ASB |
| Capt - PS/CSB |
| Capt - ISB |
| Capt - FSB |
| Lt |
| Special Ops Admin/DARE |
| Special Ops Court/Fleet |
| Lt |
| Sgt |
| SRO |
| SRO |
| SRO |
| SRO |
| CPO |
| SRO |
| Det Lt |
| Det |
| Det |
| Det |
| Det |
| Inv |
| Inv |
| Inv |
| Inv |
| Inv |
| Inv |
| Inv |
| NRO - Northside |
| NRO - Downtown |
| NRO - Washburn |
| NRO - Washburn |
| NRO - Northside |
| NRO - Downtown |
| Lt |
| Lt |
| Sgt |
| Sgt |
| Sgt |
| Sgt |
| Sgt |
| Sgt |
| Sgt |
| Sgt |
| Sgt |
| Ptlm |

| |
|---|
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |
| Ptlm |

| |
|---|
| Ptlm |
| CSE |
| CSE |
| CSE |
| CSE |
| CSE |
| CSE |
| CSE |
| CSE |
| CSE |
| CSE - PT |
| CSE - PT |
| CSE - PT |
| CSE - PT |
| CSE - PT |
| CSE - PT |
| Records Supervisor |
| Rec Spec |
| Rec Spec |
| Park Tkt Proc |
| Adm Asst/Chief |
| Rec Spec |
| Cust Svcs Spec |
| Park Tkt Proc |
| Clerk Typist I |
| PU Coordinator |
| PU Maintenance |
| PU Janitor |
| PU Janitor - PT |



U working today

Yea. Drama

Yeah...I saw the email...I've got an explanation for our memo worked out

We don't have a sharps & the people said we could throw the fake guns away...no biggie

~~Nothing in the~~ NeXT Photo

Text Message    Send



‹ Messages (3) **Dan Uhlrich**   Contact

memo worked out

We don't have a sharps & the people said we could throw the fake guns away...no biggie

*Previous TEXT*

Nothing in the pans or other stuff to test..if we were hiding evidence why would we keep it in the squad..

Text Message   Send