IN THE

# UNITED STATES DISTRICT COURT

FOR THE

## WESTERN DISTRICT OF WISCONSIN

---

Nathan M. Poke,

      Plaintiff,

      v.                           Case No. 19-cv-33

The City of La Crosse, Wisconsin,
and Ron Tischer, Chief of Police,

      Defendants.

---

# Plaintiff's Motion to Compel Discovery I:

# Plaintiff's First Set of Written Discovery Requests

---

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
131 West Wilson Street, Suite 1200
Madison, WI  53703-3225
Phone:      608 283-6001
Fax:        608 283 0945
Email:      jsolson@scofflaw.com

Table of Contents

Statement of the Case ................................................................................................................. 1

Relevant Federal Rules................................................................................................................ 1

Argument ..................................................................................................................................... 4

Conclusion ................................................................................................................................... 8

## Statement of the Case

This race discrimination action was filed on January 20, 2019, by Nathan Poke, a black former La Crosse, Wisconsin, police officer, against the City of La Crosse and its police chief, Ron Tischer.  Officer Poke alleged that he had been unlawfully discriminated against on the basis of his race "when he was placed on leave and relieved of his most significant duties, and then investigated and constructively discharged from his employment."  (Dkt. # 1, ¶¶ 501, 502, 503.) The Defendants waived service (dkt. # 3) and filed an Answer (dkt. # 5).

The Plaintiff's First Set of Written Discovery Requests contained 217 requests for admissions, primarily intended to eliminate the need for proving up the details of indisputable aspects of the Plaintiff's history as a La Crosse police officer through witnesses and documents. (Olson Declaration Exhibit A.) In their responses, the Defendants objected to every single request for admission. (Olson Declaration Exhibit D.)   Many are responded to by asserting that "Defendants have made a reasonable inquiry into the request and the information known or readily available is insufficient to enable Defendants to admit or deny this request," without specifying the nature of the inquiry.

## Relevant Federal Rules

Rule 36. Requests for Admission

(a) Scope and Procedure.

> (1) Scope. A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
>> (A) facts, the application of law to fact, or opinions about either; and
>>
>> (B) the genuineness of any described documents.
>
> (2) Form; Copy of a Document. Each matter must be separately stated. A request to admit the genuineness of a document must be accompanied by a copy of the document unless it is, or has been, otherwise furnished or made available for inspection and copying.
>
> (3) Time to Respond; Effect of Not Responding. A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court.
>
> (4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> (5) Objections. The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.
>
> (6) Motion Regarding the Sufficiency of an Answer or Objection. The requesting party may move to determine the sufficiency of an answer or objection. Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the

matter is admitted or that an amended answer be served. The court may defer its final decision until a pretrial conference or a specified time before trial. Rule 37(a)(5) applies to an award of expenses.

(b) Effect of an Admission; Withdrawing or Amending It. A matter admitted under this rule is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended. Subject to Rule 16(e), the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits. An admission under this rule is not an admission for any other purpose and cannot be used against the party in any other proceeding.

**Rule 37**

(a) Motion for an Order Compelling Disclosure or Discovery.

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

* * *

(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) *Payment of Expenses; Protective Orders.*

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's

3

reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

* * *

> (C) If the Motion Is Granted in Part and Denied in Part. If the motion is granted in part and denied in part, the court may issue any protective order authorized under Rule 26(c) and may, after giving an opportunity to be heard, apportion the reasonable expenses for the motion.

### Argument

"The purpose of [Rule 36] is to reduce the costs of litigation by eliminating the necessity of proving facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997). The purpose for requests for admissions is simply to eliminate the necessity of proving uncontroverted facts. *In re Sziel*, 209 B.R. 712 (Bkrtcy N.D. Ill. 1997). One court explains that the "quintessential" function of requests for admission is to permit narrowing of the issues, thus facilitating the presentation of cases, or, at a minimum, providing notice of those facts and opinions that remain in dispute. *Lakehead Pipe Line Co. v. American*

4

*Home Assur. Co.*, 177 F.R.D. 454 (D. Minn. 1997).  Another opines that the purpose of the rule allowing requests for admissions is to expedite trial by establishing certain material facts as true, thus narrowing the range of issues for trial. *Safeco of America v. Rawstron*, 181 F.R.D. 441 (C.D.Cal. 1998); *Chicago Dist. Council of Carpenters Pension Fund v. P.M.Q.T.*, 169 F.R.D. 336 (N.D.Ill 1996).

Under Rule 36(a), "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable is insufficient to enable the party to admit or deny." *T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y.); *Concerned Citizens of Belle Haven v. Belle Haven Club*, 223 F.R.D. 39, 44 (D. Conn. 2004).  See also, Wright and Miller *Federal Practice and Procedure 2d,* Vol. 8 A, pp.  556-57 (If a party lacks sufficient information upon which to admit or deny a request, it must exercise "reasonable inquiry" and must explain what actions it will take to obtain the information that will enable it to admit or deny.)

Rule 36 requires that the response to a request for admission, if other than an admission, "specifically deny it or state in detail why the answering party cannot truthfully admit or deny … The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is

5

insufficient to enable it to admit or deny." As the Southern District of New York

summarized:

> In responding to a properly stated request, a party must make "reasonable
> inquiry" of "information known or readily obtainable by him" that allows
> him to fairly admit or deny the request. He may not give lack of
> information or knowledge as a reason for failure to admit or deny unless
> he has made such inquiry. What constitutes "reasonable inquiry" and
> what material is "readily obtainable" is a relative matter that depends
> upon the facts of each case. However, "[b]ecause rule 36 admission
> requests serve the highly desirable purpose of eliminating the need for
> proof of issues upon trial, there is a strong disincentive to finding an
> undue burden [in responding] where the responding party can make the
> necessary inquiries without extraordinary expense or effort...."

*T. Rowe Price Small-Cap Fund, Inc. v. Oppenheimer & Co., Inc.*, 174 F.R.D. 38, 43 (S.D.N.Y.

1997). (internal citations omitted.) "On finding that an answer does not comply with

this rule, the court may order either that the matter is admitted or that an amended

answer be served." Fed.R.Civ.P. 36(6). A proper result would be an order deeming the

improperly responded to requests for admissions admitted. *See e.g., Taborn v. Unknown

Officers*, No. 00-625, 2001 WL 138908 (N.D. Ill. Feb. 16, 2001).

The Defendants' responses to many of the requests for admissions are legally

insufficient pursuant to Fed.R.Civ.P. 36(a)(4), because though the Defendants state they

have made a reasonable inquiry, it seems impossible that they actually did, and they

have not, as the rule requires, set forth "in detail" the nature of the inquiry they made.

For instance, how could it be impossible to admit or deny Request No 21, which

reads, "Officer Poke asked Sergeant Dittman what the protocol was for supervisors

searching department vehicles, and then asked Sergeant Dittman if Dittman could

search Poke and Ulrich's squad car."  A "reasonable inquiry" would involve asking

Sergeant Dittman if this occurred, and the only way such an inquiry could fail to

support an admission or denial would be if Sergeant Dittman does not remember, in

which case this should be stated explicitly. Rule 36(a)(4) provides, "If a matter is not

admitted, the answer must specifically deny it or *state in detail* why the answering party

cannot truthfully admit or deny it."  (emphasis supplied.)  See, e.g., *A. Farber & Partners,*

*Inc. v. Garber*, 237 F.R.D. 250, 257 (C.D. Cal. 2006)(ordering "declarations setting forth in

detail the nature of the 'reasonable inquiry' they made to supplement their responses.")

        In addition to the duty imposed by Rule 36, Interrogatory No 2 asked, "If your

response to any of the following requests for admission is anything other than an

unqualified admission, please set forth the basis for each denial and identify any and all

documents, facts and witnesses that support your response."  The Defendants' response

was simply a complete objection to providing this information:

> RESPONSE: Defendants object to this discovery request as overly broad,
> vague, ambiguous, and unduly burdensome. Further, Defendants object
> as this discovery request seeks information that is neither relevant nor
> proportional to the needs of the case, considering the importance of the
> issues at stake in the action, the amount in controversy, the parties'
> relative access to relevant information, the parties' resources, the
> importance of the discovery in resolving the issues, and whether the
> burden or expense of the proposed discovery outweighs its likely benefit.

(Olson Declaration, Exhibit D, 4-5.)

        It is impossible to justify this objection where, for example, the basis for a failure

to admit is simply that Sergeant Dittman does not remember, or to justify it in relation

to Request for Admission 84: "Officer Poke told the captains that Ulrich had confiscated

7

methamphetamine but thrown it away, and that he had stolen while on duty," where a reasonable inquiry would simply require asking the captains and answering this interrogatory would be as simple as saying, "The captains don't remember," if that is the case.

Moreover, it is a boilerplate objection that simply sets forth in general and conclusory terms every single basis upon which an objection might be based. Answers to interrogatories that are "evasive, repetitive, incomplete, and consist[ing] almost exclusively of inappropriate general objections that [are] cut and pasted in response to each" question are inappropriate and can be severely sanctioned at the discretion of the Court. *Green v. Illinois Power Co.*, 640 F.Supp.2d 1043 (C.D.Ill, July 24, 2009). "Objections to interrogatories must be specific and be supported by a detailed explanation why the interrogatories are improper.  General objections may result in waiver of the objections." *In re Folding Carton Antitrust Litigation*, 83 F.R.D. 260, 264 (D.C.Ill., 1979).  (internal citations omitted.)

## Conclusion

The Court should grant the Plaintiff's Motion to Compel Discovery I, with costs including reasonable attorneys' fees.

Specifically, the Court should order the Defendants to submit amended responses to the Plaintiff's First Set of Written Discovery Requests in which they:

      A.      Eliminate the boilerplate objections to every single request. See generally *Burkybile v. Mitsubishi Motors Corp.*, No. 04 C 4932, 2006 WL

8

2325506, at *6 (N.D.Ill. Aug.2, 2006) (collecting cases rejecting boilerplate objections to discovery requests);[1] and

      B.     Either respond squarely to each requested admission or, if they have made a reasonable inquiry and remain unable to admit or deny, state in detail the nature of the inquiry they have made.

      C.     Respond completely and substantively to Interrogatory No. 2.

Dated this Monday, December 09, 2019.

      Respectfully submitted,

      Nathan M. Poke,

      Plaintiff

      By

---

[1] See, e.g., Judge Mark Bennett's opinion in *Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 184–85 (N.D. Iowa 2017)

> As I explained a decade and a half ago, "the mere statement by a party that the interrogatory [or request for production] was overly broad, burdensome, oppressive and irrelevant is not adequate to voice a successful objection"; "[o]n the contrary, the party resisting discovery must show specifically how ... each interrogatory [or request for production] is not relevant or how each question is overly broad, burdensome or oppressive." *St. Paul Reins. Co., Ltd.*, 198 F.R.D. at 511–12 (internal quotation marks and citations omitted). In other words, "merely assert[ing] boilerplate objections that the discovery sought is vague, ambiguous, overbroad, unduly burdensome, etc.... without specifying how each [interrogatory or] request for production is deficient and without articulating the particular harm that would accrue if [the responding party] were required to respond to [the proponent's] discovery requests" simply is not enough. Id. at 512. Again, I have found nothing to suggest that such responses are now considered adequate; rather, there is precedent too ample to cite, in both the Eighth Circuit and the Seventh Circuit, where the lead attorneys for both sides have their offices, demonstrating the insufficiency of such responses.

*Liguria Foods, Inc. v. Griffith Labs., Inc.*, 320 F.R.D. 168, 184–85 (N.D. Iowa 2017)

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
131 West Wilson Street, Suite 1200
Madison, WI 53703-3225
Phone:        608 283-6001
Fax:          608 283 0945
Email:        jsolson@scofflaw.com


/s/     Jeff Scott Olson
_____

Jeff Scott Olson


ATTORNEYS FOR PLAINTIFF


**Certificate of Service**

I hereby certify that on Monday, December 09, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following:  Christopher P. Riordan, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants: none.

_____/s/ Jeff Scott Olson_____

10