IN THE
# UNITED STATES DISTRICT COURT
FOR THE
## WESTERN DISTRICT OF WISCONSIN

---

Nathan M. Poke,

    Plaintiff,

    v.                                          Case No. 19-cv-33

The City of La Crosse, Wisconsin,
and Ron Tischer, Chief of Police,

    Defendants.

---

# Plaintiff's Motion to Strike Answer as Sanction for Discovery Misconduct

---

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
131 West Wilson Street, Suite 1200
Madison, WI  53703-3225
Phone:      608 283-6001
Fax:         608 283 0945
Email:       jsolson@scofflaw.com

Table of Contents

Introduction ................................................................................................................... 1
Relevant Federal Rules.................................................................................................. 2
Argument ....................................................................................................................... 3
Conclusion ..................................................................................................................... 6

## Introduction

Each of the Plaintiff's three motions to compel discovery makes a case for relief specific to one set of discovery requests, but the Defendants' cavalier disregard of their discovery obligations taken as a whole has crippled the Plaintiff's ability to try to prove his case on the schedule set by the Court and requires more than a piecemeal response by the Court.

The Plaintiff plans, after receiving the written discovery at issue, to take depositions of some of the key players in this case. And it may well be that additional written discovery is required. Discovery closes April 3, 2020. (Dkt. # 8.) If the Defendants had timely responded, for example to the Plaintiff's Third Set of Written Discovery Requests, the Plaintiff could have begun using the information and documents produced in depositions last July, and would have had nine months to complete a well-designed discovery campaign. By the time Court intervention gets the Plaintiff the evidence he is entitled to, if it does, there will be nothing like an opportunity for a well-designed discovery campaign. The Defendants should not be permitted to profit from their unreasonable intransigence either by requiring the Plaintiff to go to trial without a meaningful opportunity for discovery or by postponing the trial to a date sufficiently far into the future to allow for adequate discovery.

**Relevant Federal Rules**

**Rule 37**

(a) Motion for an Order Compelling Disclosure or Discovery.

(1) In General. On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

\* \* \*

(4) *Evasive or Incomplete Disclosure, Answer, or Response.* For purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond.

(5) *Payment of Expenses; Protective Orders.*

(A) *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:

(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;

(ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

2

>   (iii) other circumstances make an award of expenses unjust.

\* \* \*

## Argument

In *Burke v. ITT Auto., Inc.*, 139 F.R.D. 24 (W.D.N.Y. 1991) the court detailed a long history of the defendant in an employment discrimination case flouting its discovery obligations and noted that Rule 37 of the Federal Rules of Civil Procedure authorizes a broad range of sanctions for failure to comply with discovery requirements. *Id.*, 139 F.R.D. 24, at 31. The court noted that the rule provides in pertinent part that if a party "fails to obey an order to provide or permit discovery," the court may sanction that party by entering

>   [a]n order striking out pleadings or parts thereof ... or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party.

*Id.*, at 31, *quoting* Fed.R.Civ.Proc. 37(b)(2)(C).

The court noted that, "These measures are extreme sanctions, to be deployed only in rare situations." *Id.*, (internal quotation marks and citations omitted).  It observed that in *Hammond Packing Co. v. State of Ark.*, 212 U.S. 322, 348 (1909) the Court had upheld as consistent with due process the striking of an answer and the rendering of a default judgment against a defendant who had refused to comply with a pretrial document-production order.  *Burke v. ITT Auto., Inc.*, 139 F.R.D. 24, 32 (W.D.N.Y. 1991).

The court then said:

3

Rule 37 sanctions are intended to serve essentially three purposes:

> First, they ensure that a party will not benefit from its own failure to comply. Second, they are specific deterrents and seek to obtain compliance with the particular order issued. Third, they are intended to serve a general deterrent effect on the case at hand and on other litigation, provided that the party against whom they are imposed was in some sense at fault.

*Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 71 (2d Cir.1988) (citing *National Hockey League v. Metropolitan Hockey Club, Inc.*, supra; *Cine Forty– Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d at 1066). In particular, courts have stressed the importance of the deterrent effect of sanctions. As the Supreme Court stated in *National Hockey League v. Metropolitan Hockey Club, Inc.*:

> [H]ere, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

427 U.S. at 643, 96 S.Ct. at 2781.

*Burke v. ITT Auto., Inc.*, 139 F.R.D. 24, 32 (W.D.N.Y. 1991).

Because the defendant's conduct had been so egregious, and because the plaintiff had been so clearly prejudiced in his efforts to obtain the evidence needed to prove his case and secure justice in his lawsuit, the court granted the plaintiff's motion to strike the defendant's answer and indicated that it would grant a motion for default judgment.

The same action was taken in *Oak Valley Investments, L.P. v. Southwick*, No. CIV.2:06-CV-737 DB, 2008 WL 53147, at *1 (D. Utah Jan. 3, 2008)(striking answer for failure to respond to discovery). See also, *Newpark Mall LLC v. Crge Newpark Mall, LLC*,

No. 15-CV-0817-PJH, 2016 WL 742009, at *3 (N.D. Cal. Feb. 25, 2016) ("court has the power to strike the defendant's answer and render a default judgment as the ultimate sanction for refusal to obey discovery orders," citing, *Dreith v. Nu Image Inc.*, 648 F.3d 779, 786 (9th Cir. 2011); *Core-Mark Int'l, Inc. v. Sparacio*, No. 91 C 7232, 1994 WL 53763, at *6 (N.D. Ill. Feb. 18, 1994)("[S]uch a draconian sanction [as striking an answer to clear the way for a default judgment] generally should be imposed only if the noncompliance was due to willfulness, bad faith, or fault." *citing, National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640 (1976) (per curiam)).

Judge Griesbach's decision striking the defendant's answer and entering default judgment for failure to comply with discovery obligations in *United States v. Approximately $4734 U.S. Currency*, 280 F.R.D. 448, 451 (E.D. Wis. 2011) is particularly instructive.  The defendant had not only failed to respond to discovery requests, but had, as here, failed to respond to plaintiff's counsels attempts to address the delinquency including a pro-active offer of an extension. Judge Griesbach agreed with the plaintiff's attorneys that the

> Court and the parties can resolve cases . . .  in an efficient, fair, and just manner only if the parties timely address discovery matters in a way that avoids undue involvement of the Court. When claimant's counsel repeatedly intentionally refuses or fails to timely respond to discovery, the truth-seeking process is wholly frustrated

280 F.R.D. 448, at 451.

Judge Griesbach went on to conclude:

> Striking Perkin's claim and answer is without doubt a harsh sanction. It is one which the Court is reluctant to impose, just as it is one AUSA

5

> Campbell was reluctant to request. On the other hand, the Court is required to be fair to both parties and to administer and apply the Rules that govern proceedings in cases that come before it so as "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed.R.Civ.P. 1. In light of the history of this case, the Court concludes that the sanction requested by the government is warranted. Accordingly, the government's motion is granted. Perkins' claim and answer are stricken, and the Clerk is directed to enter a default judgment in favor of the government.

280 F.R.D. 448 at 451.

This Court should take the same action. It would not only be a reasonable response to the mess the Defendants have made of the schedule in this case, but it would redound to the benefit of both future plaintiffs and defendants who litigate in good faith and are stymied in their efforts to secure just results in their litigation by discovery stonewalling.

## Conclusion

The Court should grant the Plaintiff's Motion to Strike the Defendants' Answer and entertain a Motion for Default Judgment, with costs including reasonable attorneys' fees.

Dated this Monday, December 09, 2019.

    Respectfully submitted,

    Nathan M. Poke,

    Plaintiff

    By

6

THE JEFF SCOTT OLSON LAW FIRM, S.C.
JEFF SCOTT OLSON
State Bar Number 1016284
131 West Wilson Street, Suite 1200
Madison, WI  53703-3225
Phone: 608 283-6001
Fax: 608 283 0945
Email: jsolson@scofflaw.com


/s/    Jeff Scott Olson
_____
Jeff Scott Olson


ATTORNEYS FOR PLAINTIFF

### Certificate of Service

I hereby certify that on Monday, December 09, 2019, I electronically filed the foregoing with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Christopher P. Riordan, and I hereby certify that I have mailed by United States Postal Service the document to the following non ECF participants: none.

_____/s/ Jeff Scott Olson_____